UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE KARP,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALONZO, et al.,<br><br>　　　　Defendants. | Case No.: 2:25-cv-01597-JAD-NJK<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING MOTION TO CANCEL EXTENSION**<br><br>[Docket Nos. 8, 13] |

Nevada prisoner George Karp brings this *pro se* civil rights lawsuit under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while incarcerated at High Desert State Prison. Plaintiff has applied to proceed *in forma pauperis* ("IFP") in this action.  Docket No. 1.  On March 16, 2026, the Court issued a screening order deferring ruling on Plaintiff's IFP application, allowing his Eighth Amendment medical indifference claim to proceed, and dismissing his claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") with leave to amend by April 16, 2026. Docket No. 5.  The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed on only his Eighth Amendment medical indifference claim against Dr. Avrum and Alonzo.  *Id.* at 12.  On Plaintiff's motion, the Court extended that deadline to May 18, 2026.  Docket Nos. 10, 12.

Thereafter, Plaintiff filed a "Motion to Cancel Enlargement of Time," arguing that he will not file an amended complaint due to time and resources.  Docket No. 13.  He also moves the Court to find and appoint a free attorney for him to plead claims under the ADA and RA.  Docket No. 8.  The Court previously explained the standard for appointing counsel to indigent civil litigants.  Docket No. 5 at 10. The Court finds that Plaintiff has again failed to show exceptional circumstances warranting the appointment of counsel.

Accordingly, for the reasons stated above,

IT IS ORDERED that the Motion to Cancel Enlargement of Time, Docket No. 13, is **GRANTED**.

IT IS FURTHER ORDERED that, as stated in the screening order, this action will proceed on only the Eighth Amendment medical indifference claim against Dr. Avrum and Alonzo.

IT IS FURTHER ORDERED that the Motion for the Appointment of Counsel, Docket No. 8, is **DENIED** without prejudice.

IT IS FURTHER ORDERED that, given the nature of the claim that the Court has permitted to proceed, this action is stayed for 90 days to allow the parties an opportunity to settle their dispute before the Court determines whether to grant Plaintiff's *in forma pauperis* application, the $350 filing fee is paid, an answer is filed, or the discovery process begins.  During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties will not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so.  The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order about that matter.  If the Court has not entered an order setting an Inmate Early Mediation Conference within 90 days of this order, the Office of the Attorney General will file a notice informing the Court that this case is awaiting a mediation date.  If the case does not settle at mediation, the Court will issue an order setting a date for Defendants to file an answer or other response.  Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

"Settlement" may or may not include payment of money damages.  It also may or may not include an agreement to resolve Plaintiff's issues differently.  A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

IT IS FURTHER ORDERED that, if the case does not settle, then the Court will determine whether to grant Plaintiff's *in forma pauperis* application.  Plaintiff will be required to pay the full $350 statutory filing fee for a civil action regardless of whether the Court grants his *in forma pauperis* application.  This fee cannot be waived, and the fee cannot be refunded once the Court enters an order granting the application.  If Plaintiff is allowed to proceed *in forma pauperis*, the fee will be paid in installments from his prison trust account.  *See* 28 U.S.C. § 1915(b).  If Plaintiff is not allowed to proceed *in forma pauperis*,

the full $350 statutory filing fee for a civil action plus the $55 administrative filing fee, for a total of $405, will be due immediately.

IT IS FURTHER ORDERED that, if any party seeks to have this case excluded from the inmate mediation program, that party will file a "motion to exclude case from mediation" no later than 21 days prior to the date set for mediation.  The responding party will have 7 days to file a response.  No reply will be filed.  Thereafter, the Court will issue an order, set the matter for hearing, or both.

IT IS FURTHER ORDERED that if Plaintiff needs an interpreter to participate in the mediation program, he will file a notice identifying the interpretation language and the need for the interpreter within 30 days from the date of this order.

The Clerk of the Court is INSTRUCTED to add the Nevada Department of Corrections to the docket as an Interested Party and electronically provide a copy of this order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the interested party on the docket.  This does not indicate acceptance of service.

IT IS FURTHER ORDERED that the Attorney General's Office must advise the Court within 21 days from the date of this order whether it will enter a limited notice of appearance on behalf of Interested Party for the purpose of participation in the Early Mediation Program.  No defenses or objections, including lack of service, will be waived because of the filing of the limited notice of appearance.

IT IS SO ORDERED.

DATED: May 7, 2026

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

3